Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE PHILOGENE, | ) Case No.: |
| | ) |
| Plaintiff | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) **ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

- 1 -

PLAINTIFF'S COMPLAINT

# COMPLAINT

ROSE PHILOGENE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Riverside, California 92507.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is located at 327 W 4th Street, P.O. Box 3023, Hutchinson, Kansas 67504.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone that she has had for at least three years.

11. Plaintiff has only used this phone as a cellular telephone.

12. Between August 2017 and February 2018, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

13. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

14. Plaintiff knew that she was receiving automated calls from Defendant since the calls would begin with a pause or delay before connecting to Defendant's live collectors.

15. Defendant's calls were not made for "emergency purposes."

16. Plaintiff told Defendant during one of the first few calls to stop

calling her.

17.   Once Defendant was informed that its calls were unwanted and was told to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

18.   Nevertheless, Defendant continued to call Plaintiff through February 2018.

19.   Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA**

20.   Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.    Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22.   Defendant's calls to Plaintiff were not made for "emergency purposes."

23.   Defendant's calls were not made with Plaintiff's prior express consent, as she revoked all consent to be called soon after the calls began.

PLAINTIFF'S COMPLAINT

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ROSE PHILOGENE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROSE PHILOGENE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: February 22, 2019      By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT